**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| John Brown and Karen Brown, individually and on behalf of all others similarly situated,<br><br>      Plaintiffs,<br><br>  v.<br><br>Auto-Owners Insurance Company,<br><br>      Defendant. | Case No. 1:21-cv-02597<br><br>Honorable Charles R. Norgle Sr.<br><br><br>**ORAL ARGUMENT REQUESTED** |

**DEFENDANT AUTO-OWNERS INSURANCE COMPANY'S MEMORANDUM OF**
**LAW IN SUPPORT OF ITS MOTION TO DISMISS OR, ALTERNATIVELY,**
<u>**TO STRIKE CLASS ALLEGATIONS OR STAY CERTAIN DISCOVERY**</u>

## TABLE OF CONTENTS

I.    INTRODUCTION ........................................................................................................... 1

II.   BACKGROUND ............................................................................................................ 2

    A.   Plaintiffs file a putative class action on behalf of Illinois policyholders and policyholders in four other states ........................................................................ 2

    B.   The Illinois Supreme Court decides *Sproull* while recognizing the split among courts nationwide ................................................................................................................ 3

III.  ARGUMENT .................................................................................................................. 5

    A.   Plaintiffs lack standing to assert claims arising under non-Illinois law ..................... 5

    B.   If this Court declines to consider Plaintiffs' lack of standing, the class allegations should be stricken as to the proposed non-Illinois class members ....................... 8

    C.   In the alternative, this Court should stay non-Illinois discovery until it rules on class certification ................................................................................................................ 13

    D.   At minimum, this Court should stay this action to the extent it asserts class claims under Arizona law because those claims are duplicative of a first-filed class action in Arizona federal court ........................................................................................... 14

IV.  CONCLUSION .............................................................................................................. 15

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Accardi v. Hartford Underwriters Ins. Co.*,
  838 S.E.2d 454 (N.C. 2020)......................................................................................3, 10

*Adams v. Cameron Mut. Ins. Co.*,
  430 S.W.3d 675 (Ark. 2013)..............................................................................................4

*Amchem Prods., Inc. v. Windsor*,
  521 U.S. 591 (1997)...........................................................................................................7

*Arreola v. Godinez*,
  546 F.3d 788 (7th Cir. 2008) .............................................................................................7

*Basham v. United Servs. Auto. Ass'n*,
  2017 WL 3217768 (D. Colo. July 28, 2017) ....................................................................3

*Carpenter v. PetSmart, Inc.*,
  441 F. Supp. 3d 1028 (S.D. Cal. 2020).............................................................................6

*Cullen v. Nissan N. Am., Inc.*,
  2010 WL 11579748 (M.D. Tenn. Mar. 26, 2010) ..........................................................12

*In re Dairy Farmers of Am., Inc. Cheese Antitrust Litig.*,
  2013 WL 4506000 (N.D. Ill. Aug. 23, 2013) ................................................................6, 7

*Day v. Humana Ins. Co.*,
  335 F.R.D. 181 (N.D. Ill. 2020).......................................................................................8

*Dinerstein v. Google, LLC*,
  484 F. Supp. 3d 561 (N.D. Ill. 2020) ...............................................................................5

*Doelger & Kirsten, Inc. v. Nat'l Union Fire Ins. Co.*,
  167 N.W.2d 198 (Wis. 1969).........................................................................................11

*In re Fluidmaster, Inc.*,
  149 F. Supp. 3d 940 (N.D. Ill. 2016) ...............................................................................5

*Graves v. Am. Fam. Mut. Ins. Co.*,
  686 F. App'x 536 (10th Cir. 2017) ...................................................................................3

*Henn v. Am. Fam. Mut. Ins. Co.*,
  894 N.W.2d 179 (Neb. 2017)............................................................................................3

*Hicks v. State Farm Fire & Cas. Co.*,
    751 F. App'x 703 (6th Cir. 2018) ....................................................................11

*Kasalo v. Harris & Harris, Ltd.*,
    656 F.3d 557 (7th Cir. 2011) ...........................................................................9

*Keith v. Ferring Pharms., Inc.*,
    2016 WL 5391224 (N.D. Ill. Sept. 27, 2016) ....................................................8

*Knapp v. Zoetis Inc.*,
    2021 WL 1225970 (E.D. Va. Mar. 31, 2021) ....................................................5

*Lammert v. Auto-Owners (Mut.) Ins. Co.*,
    572 S.W.3d 170 (Tenn. 2019)........................................................................10

*Legg v. PTZ Ins. Agency, Ltd.*,
    321 F.R.D. 572 (N.D. Ill. 2017)....................................................................12

*Lewis v. Casey*,
    518 U.S. 343 (1996)........................................................................................5

*Liston v. King.com, Ltd.*,
    254 F. Supp. 3d 989 (N.D. Ill. 2017) .......................................................13, 14

*Nicholson v. Nationstar Mortg. LLC of Del.*,
    2018 WL 3344408 (N.D. Ill. July 6, 2018)...............................................14, 15

*Ortiz v. Fibreboard Corp.*,
    527 U.S. 815 (1999)........................................................................................7

*In re Packaged Ice Antitrust Litig.*,
    779 F. Supp. 2d 642 (E.D. Mich. 2011)...........................................................7

*Piekarski v. Amedisys Ill., LLC*,
    2013 WL 2357536 (N.D. Ill. May 28, 2013) ..................................................13

*In re Plasma-Derivative Protein Therapies Antitrust Litig.*,
    2012 WL 39766 (N.D. Ill. Jan. 9, 2012) ..........................................................6

*Redcorn v. State Farm Fire & Cas. Co.*,
    55 P.3d 1017 (Okla. 2002).............................................................................10

*Smith-Brown v. Ulta Beauty, Inc.*,
    2019 WL 932022 (N.D. Ill. Feb. 26, 2019) .................................................6, 7

*Sproull v. State Farm Fire & Cas. Co.*,
    2021 WL 4314060 (Ill. Setp. 23, 2021) ...........................................1, 3, 4, 10

- iii -

*In re State Farm Fire & Cas. Co.*,
    872 F.3d 567 (8th Cir. 2017) ............................................................................4, 11

*Wal-Mart Stores, Inc. v. Dukes*,
    564 U.S. 338 (2011) ......................................................................................10, 11

*Walker v. Auto-Owners Ins. Co.*,
    Case No. 4:20-cv-449 (D. Ariz. Oct. 20, 2020) ..............................................4, 14

*Walker v. Auto-Owners Ins. Co.*,
    Case No. CV-21-0236-CQ (Ariz. Oct. 4, 2021) ....................................................14

*In re Wellbutrin XL Antitrust Litig.*,
    260 F.R.D. 143 (E.D. Pa. 2009) ........................................................................6, 7

*Wilcox v. State Farm Fire & Cas. Co.*,
    874 N.W.2d 780 (Minn. 2016) ...........................................................................4, 11

*Wolfkiel v. Intersections Ins. Servs., Inc.*,
    303 F.R.D. 287 (N.D. Ill. 2014) ....................................................................8, 9, 12

## Other Authorities

Fed. R. Civ. P. 23 ................................................................................................ *passim*

I.   **INTRODUCTION**

Plaintiffs John and Karen Brown insured their Illinois home through Auto-Owners Insurance Company ("Auto-Owners").  After their house was damaged in a fire, Auto-Owners issued them a check for the actual cash value ("ACV") of the damaged property.  ACV represents the economic value of the damaged property prior to loss. To estimate the ACV, Auto-Owners first estimated the cost to replace or repair the property, and then applied depreciation to account for the property's age.  Plaintiffs sued Auto-Owners for breach of contract under Illinois law, claiming Auto-Owners underpaid them by depreciating the entire replacement cost of the damaged property, including labor and materials.  Plaintiffs seek to represent a class that includes fellow Illinois policyholders and policyholders from Arizona, Kentucky, Utah, and Wisconsin.

This September, the Illinois Supreme Court decided *Sproull v. State Farm Fire and Casualty Co.*, __, N.E.3d __, 2021 WL 4314060 (Ill. Sept. 23, 2021).  Sproull alleged that State Farm impermissibly applied depreciation to the value of the entire damaged item, rather than limiting depreciation to the "materials" portion of the replacement cost.  *Id.* at *2.  State Farm defended by arguing that the term "depreciation" in its policy applied to all components of a property's replacement cost; the plaintiff countered that "depreciation" is ambiguous and might not apply to labor.  *Id.* at *11–14.  The Illinois Supreme Court first noted that other states are sharply split on this threshold issue.  *Id.* at *7.  It then sided with the plaintiff, holding that "depreciation" is ambiguous under Illinois law, even though that term is not ambiguous under the laws of several other states.  *Id.* at *11–12.  Applying *contra proferentem*, the court construed the term "depreciation" against State Farm.  *Id.* at *13.

Plaintiffs in this case assert a similar theory.  But unlike in *Sproull*, Plaintiffs assert claims on behalf of policyholders in Arizona, Kentucky, Utah, and Wisconsin.  Those states have one

- 1 -

important thing in common: their courts have not decided whether "depreciation" is ambiguous. Plaintiffs would thus have the Court resolve multiple open questions of state law that are irrelevant to their own claims.

This is improper for at least two reasons. First, Plaintiffs do not allege that they own property in Arizona, Kentucky, Utah, or Wisconsin; purchased insurance from Auto-Owners in those states; or suffered injury under those states' laws. Plaintiffs thus lack Article III standing to assert claims under Arizona, Kentucky, Utah, and Wisconsin law. And second, deciding Plaintiffs' Illinois-law claims will not advance the resolution of any out-of-state claims. Plaintiffs therefore cannot satisfy the Rule 23 requirements for a multi-state class.

Plaintiffs have no proper basis for seeking to represent out-of-state policyholders. Indeed, their only conceivable aim is to increase the cost (and the stakes) of this litigation to Auto-Owners. The Court should dismiss Plaintiffs' out-of-state claims for lack of standing or, in the alternative, strike out-of-state policyholders from the putative class.

## II.    BACKGROUND

### A.    Plaintiffs file a putative class action on behalf of Illinois policyholders and policyholders in four other states.

Plaintiffs are Illinois residents whose Illinois home was insured by Auto-Owners. Compl. ¶¶ 1, 10. After their house was damaged by fire, Auto-Owners calculated its payment obligations by determining the total cost to repair Plaintiffs' property—including materials and labor expenses—and deducting depreciation from that total cost. *Id.* ¶¶ 13, 18–20. According to Plaintiffs, "Auto-Owners' withholding of labor costs as depreciation . . . resulted in [them] receiving payment for their losses in an amount less than they were entitled to receive." *Id.* ¶ 26. Consequently, they assert claims for breach of contract and a declaratory judgment that the

insurance policy "prohibit[s] the withholding of labor costs" when calculating ACV payments. *Id.* ¶¶ 47–63.

Although Plaintiffs do not allege that they ever held a policy covering property outside of Illinois, they do not restrict their claims to Illinois. Instead, they seek to represent a class consisting of Auto-Owners policyholders in Arizona, Illinois, Kentucky, Utah, and Wisconsin. *Id.* ¶ 32. Their claims thus depend on the laws of five different states—including four with which they have no connection.

### B. The Illinois Supreme Court decides *Sproull* while recognizing the split among courts nationwide.

In July 2021, the Court granted the parties' motion to stay pending the Illinois Supreme Court's decision in *Sproull*, *see* ECF Doc. 6, which asked whether an insurer "may depreciate all components of replacement cost (including labor) in calculating ACV" where the at-issue policy did not define ACV, ECF Doc. 5 at *1–2. The Illinois Supreme Court issued its opinion on September 23, 2021. *See* 2021 WL 4314060 (Ill. Sept. 23, 2021). That decision is important to this motion for two reasons.

First, the court held that, under Illinois law, it is ambiguous whether the term "depreciation" in an ACV policy allows depreciation of the labor component of property value. *Id.* at *10–11.

Second, the court emphasized that courts nationwide are split regarding whether depreciation may include labor costs, with the law varying significantly from jurisdiction to jurisdiction. *Id.* at *5. Many courts have held that ACV policies permitting "depreciation" unambiguously allow insurers to apply depreciation to the entire value of property—including the value added by labor. *E.g.*, *Graves v. Am. Fam. Mut. Ins. Co.*, 686 F. App'x 536, 540 (10th Cir. 2017); *Basham v. United Servs. Auto. Ass'n*, 2017 WL 3217768, at *2–3 (D. Colo. July 28, 2017); *Henn v. Am. Fam. Mut. Ins. Co.*, 894 N.W.2d 179, 190 (Neb. 2017); *Accardi v. Hartford*

*Underwriters Ins. Co.*, 838 S.E.2d 454, 457–58 (N.C. 2020). Other courts have reached the opposite conclusion, holding that "depreciation" is ambiguous in the context of state laws and insurance regulations. *E.g.*, *Adams v. Cameron Mut. Ins. Co.*, 430 S.W.3d 675, 679 (Ark. 2013); *Sproull*, 2021 WL 4314060, at *10–15. And other courts have taken yet a third option, holding that whether the labor component of property value is appropriately depreciated for a given loss is not a question of law for the court, but one of fact for the factfinder—rendering class treatment inappropriate. *E.g.*, *In re State Farm Fire & Cas. Co.*, 872 F.3d 567, 576–77 (8th Cir. 2017) (applying Missouri law); *Wilcox v. State Farm Fire & Cas. Co.*, 874 N.W.2d 780, 785 (Minn. 2016).

Significantly, except for Illinois, these issues remain unresolved for all of the states in Plaintiffs' proposed class definition. Indeed, the open nature of these issues is demonstrated by a case currently pending in the District of Arizona, *Walker v. Auto-Owners Insurance Co.*, No. 4:20-cv-449. In that case—which was filed seven months before this one—the plaintiffs assert the same claims on behalf of the same class of Arizona policyholders as Plaintiffs do here. *Id.*, ECF Doc. 1 ¶¶ 37, 46–59 (D. Ariz. Oct. 20, 2020) (attached as **Exhibit A**). In response to a motion to dismiss, the District of Arizona certified to the Arizona Supreme Court not one, but two open questions of state law: (1) whether the term "depreciation" in an ACV policy allows depreciation of the entire value of the property—including its labor component; and (2) whether Arizona follows the "broad-evidence rule" for determining ACV, such that a factfinder can consider any relevant evidence tending to establish the value of a loss—including, if it wishes, depreciation of the portion of property value added by labor. *Id.*, ECF Doc. 26 (D. Ariz. Oct. 1, 2021) (attached as **Exhibit B**).

- 4 -

### III.    ARGUMENT

The Court should dismiss Plaintiffs' complaint under Federal Rule of Civil Procedure 12(b)(1) to the extent Plaintiffs assert claims arising under other states' laws.  Plaintiffs are Illinois residents holding an Auto-Owners policy covering Illinois property.  Consequently, their claimed injury arises under Illinois law, not the laws of Arizona, Kentucky, Utah, and Wisconsin. Alternatively, the Court should strike the claims asserted on behalf of insureds in the four other states.  And, at minimum, portions of this litigation should be stayed until the Court rules on whether (and to what extent) to certify Plaintiffs' proposed class.

### A.    Plaintiffs lack standing to assert claims arising under non-Illinois law.

Plaintiffs' claims under Arizona, Kentucky, Utah, and Wisconsin law should be dismissed for lack of standing.  Article III requires a plaintiff to demonstrate: (1) they "suffered an injury in fact that is concrete, particularized, and actual or imminent"; (2) "the injury was caused by the defendant"; and (3) "the injury would likely be redressed by the requested judicial relief." *Dinerstein v. Google, LLC*, 484 F. Supp. 3d 561, 570–71 (N.D. Ill. 2020) (citation omitted), *appeal docketed*, No. 20-3134 (7th Cir. Nov. 2, 2020).  That a case is a class action "adds nothing to the question of standing" because named plaintiffs "must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent."  *Lewis v. Casey*, 518 U.S. 343, 357 (1996) (citations omitted); *see also, e.g.*, *In re Fluidmaster, Inc.*, 149 F. Supp. 3d 940, 958–59 (N.D. Ill. 2016) ("Plaintiffs in a class action cannot rely on unnamed plaintiffs to satisfy Article III's standing requirement.").

Here, Plaintiffs lack standing to assert claims under Arizona, Kentucky, Utah, and Wisconsin law because they have no connection to those states and suffered no injury under those

states' laws. A plaintiff lacks standing to bring a claim under a state's laws if: (1) the plaintiff does not reside in the state; and (2) the state's laws have no relation to the alleged wrongful conduct. *E.g.*, *Knapp v. Zoetis Inc.*, 2021 WL 1225970, at \*9 (E.D. Va. Mar. 31, 2021) ("[F]ederal district courts . . . have found that a plaintiff lacks standing where their claims bear little or no causal relation to the law of the state he or she seeks to invoke."); *Carpenter v. PetSmart, Inc.*, 441 F. Supp. 3d 1028, 1040 n.4, 1041 (S.D. Cal. 2020) (concluding California resident injured in California had standing to assert claims under California law, but lacked standing under "other state's law[s]" irrespective of how similar those laws were to California law). Consequently, courts routinely grant motions to dismiss or strike class claims where named plaintiffs seek to represent proposed class members from other states. *E.g.*, *Smith-Brown v. Ulta Beauty, Inc.*, 2019 WL 932022, at \*5–6 (N.D. Ill. Feb. 26, 2019) (dismissing claims under laws of states with which plaintiffs had no connection); *In re Dairy Farmers of Am., Inc. Cheese Antitrust Litig.*, 2013 WL 4506000, at \*7 (N.D. Ill. Aug. 23, 2013) (dismissing claims where plaintiffs did not meet "their burden of establishing injury in any of the other numerous states under whose laws they have brought challenges"); *In re Plasma-Derivative Protein Therapies Antitrust Litig.*, 2012 WL 39766, at \*6 (N.D. Ill. Jan. 9, 2012) (concluding where named plaintiff "claim[ed] not to seek relief 'on its own behalf' for the non-California state-law claims . . . it effectively concede[d] that it suffered no injury and has no claim as to [non-California] states"); *In re Wellbutrin XL Antitrust Litig.*, 260 F.R.D. 143, 152 (E.D. Pa. 2009) ("[A] plaintiff whose injuries have no causal relation to Pennsylvania, or for whom the laws of Pennsylvania cannot provide redress, has no standing to assert a claim under Pennsylvania law . . . .").

Although courts recognize that plaintiffs cannot assert claims under the laws of states with which they have no connection, there is a split within this district as to whether that issue should

be addressed before discovery—at the Rule 12 stage—or later, at class certification. *See Smith-Brown*, 2019 WL 932022, at *5 (discussing intra-district split). In this case, there is no reason to wait. Although the Supreme Court has instructed courts *simultaneously facing* both class certification and Article III standing of proposed class members "to deal with Rule 23 issues first when they are dispositive," it has "not direct[ed] district courts to postpone an inquiry into the threshold issue of justiciability outside of that context." *Dairy Farmers*, 2013 WL 4506000, at *6; *see also Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 612 (1997) (holding, in case that had progressed to class-certification stage, that where "class certification issues are dispositive" and "their resolution . . . is logically antecedent to the existence of any Article III issues, it is appropriate to reach them first" (citation omitted)); *accord Ortiz v. Fibreboard Corp.*, 527 U.S. 815, 831 (1999). Thus, the Seventh Circuit has addressed standing as "an antecedent legal issue" to be resolved before class certification. *Arreola v. Godinez*, 546 F.3d 788, 794 (7th Cir. 2008).

Here, postponing the threshold standing question until after discovery would accomplish nothing. Discovery cannot fix a fact apparent from Plaintiffs' complaint: they have no injury under Arizona, Kentucky, Utah, or Wisconsin law. As explained in *Smith-Brown*, waiting until class certification is inappropriate where "there is plainly ample reason *at this juncture* to question whether [plaintiffs] will be able to pursue claims" under the laws of states "where [they] neither lived nor were injured." 2019 WL 932022, at *5 (citation omitted) (first bracket in original). Like in *Smith-Brown*, here it would be "inappropriate to engage in wide-ranging discovery premised on a prospect as to which there is substantial doubt—namely, [plaintiff's] ability to assert causes of action created by other states for the benefit of other individuals injured in those other states." *Id.* at *6 (citation omitted) (bracket in original); *see also In re Wellbutrin XL*, 260 F.R.D. at 155 (concluding courts should not "allow named plaintiffs in a proposed class action, with no injuries

in relation to the laws of certain states referenced in their complaint, to embark on lengthy class discovery" before "proposing to represent the claims of parties whose injuries and modes of redress they would not share"); *In re Packaged Ice Antitrust Litig.*, 779 F. Supp. 2d 642, 657 (E.D. Mich. 2011) ("[W]here the putative plaintiffs' injury is in doubt, Article III standing issues should be resolved in the first instance.").

Because Plaintiffs have no connection to Arizona, Kentucky, Utah, and Wisconsin, they lack standing to bring claims under those states' laws. And because discovery will not change that fact, their lack of standing should be resolved now, and their non-Illinois claims dismissed.

**B.**   **If this Court declines to consider Plaintiffs' lack of standing, the class allegations should be stricken as to the proposed non-Illinois class members.**

If the Court declines to dismiss Plaintiffs' non-Illinois claims for lack of standing, it should still strike Arizona, Kentucky, Utah, and Wisconsin policyholders from Plaintiffs' class definition. That Plaintiffs cannot satisfy Rule 23 as to out-of-state policyholders is clear from *Sproull* and the large body of cases challenging the calculation of ACV and claiming underpayment. An order narrowing the class definition to Illinois policyholders will clean up the pleadings, streamline the case, and focus this litigation on matters properly before the Court.

**1.**   **The Court may strike futile class allegations.**

Rule 23 authorizes courts to decide class certification "[a]t an early practicable time" and to "require that the pleadings be amended to eliminate allegations about representation of absent persons." Fed. R. Civ. P. 23(c)(1)(A), (d)(1)(D). Accordingly, where appropriate, a court may strike class allegations before a plaintiff files a certification motion, *Wolfkiel v. Intersections Ins. Servs., Inc.*, 303 F.R.D. 287, 292 (N.D. Ill. 2014), and even before class discovery, *Day v. Humana Ins. Co.*, 335 F.R.D. 181, 197–98 (N.D. Ill. 2020).

A motion to strike class allegations at the pleading stage is appropriate where the pleadings "are facially and inherently defective to establish a class action." *Wolfkiel*, 303 F.R.D. at 293. Whether to strike class allegations turns on the nature of the case. If the dispute concerning class certification "is factual in nature," courts typically resolve class issues after discovery. *Keith v. Ferring Pharms., Inc.*, 2016 WL 5391224, at *12 (N.D. Ill. Sept. 27, 2016) (citation omitted). By contrast, where "discovery would not be useful in resolving the class determination," courts "need not delay a ruling on certification" until discovery is complete. *Kasalo v. Harris & Harris, Ltd.*, 656 F.3d 557, 563 (7th Cir. 2011).

### 2. Plaintiffs' multi-state class allegations are futile.

No discovery is necessary to determine whether Plaintiffs can satisfy Rule 23 as to policyholders in other states. Plaintiffs' claims turn on Illinois law and Auto-Owners' alleged practices in Illinois. Because the relevant legal questions remain undecided in Arizona, Kentucky, Utah, and Wisconsin, and because Auto-Owners' practices vary from state to state,[1] Plaintiffs' Illinois-based claims share no material overlap with the theoretical claims of policyholders in the other four states. Plaintiffs thus cannot satisfy the requirements for certifying a multi-state class under Rule 23.

To bring a class action, a plaintiff must first satisfy the prerequisites of Rule 23(a). These include commonality, typicality, and adequacy: the requirements that there be questions of law or fact "common to the class"; that the plaintiff's claims are "typical" of the class's claims; and that the plaintiff will "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(2)– (4). Failure to establish even one of these prerequisites "precludes class certification." *Wolfkiel*,

---

[1] Notably, Auto-Owners does not apply depreciation to embedded labor in Kentucky. It is therefore unclear why, or on what basis, Plaintiffs have included Kentucky in their complaint.

303 F.R.D. at 293. A plaintiff must also satisfy Rule 23(b), which authorizes class certification if common questions "predominate over any questions affecting only individual members" and a class action "is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). Plaintiffs' multi-state class definition fails each of these requirements.

As an initial matter, Plaintiffs cannot establish commonality. As the Supreme Court made clear in *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011), not just any common issue will suffice. Instead, to satisfy Rule 23(a)(2), the common issue "must be of such a nature that it is capable of classwide resolution." *Id.* at 350. This "means that determination of its truth or falsity will resolve an issue that is *central to the validity* of each one of the claims *in one stroke*." *Id.* (emphasis added). What matters is "not the raising of common questions—even in droves—but rather, the capacity of a class-wide proceeding to generate common *answers* apt to drive the resolution of the litigation." *Id.* (citation omitted) (emphasis in original).

Plaintiffs identify six purported common questions: (i) whether Auto-Owners' policy language permits depreciation of the total value of damaged property, including its labor component; (ii) whether Auto-Owners' policy is ambiguous; (iii) whether Auto-Owners has a "custom and practice" of applying depreciation to the full cost of damaged property; (iv) whether Auto-Owners breached its policies by doing so; (v) whether Plaintiffs and absent class members have been "damaged" due to Auto-Owners' practices; and (vi) whether Plaintiffs and absent class members are entitled to declaratory relief. Compl. ¶ 38. None of these questions is common across all five states.

As discussed above, whether "depreciation" is ambiguous is a question of state law—and the answers are far from uniform. Some states hold that "depreciation" unambiguously allows

- 10 -

depreciation of both materials and labor. *E.g.*, *Accardi*, 838 S.E.2d at 457–58; *Redcorn v. State Farm Fire & Cas. Co.*, 55 P.3d 1017, 1021 (Okla. 2002). Others hold that "depreciation" is ambiguous and could reasonably allow depreciation of materials only. *E.g.*, *Sproull*, 2021 WL 4314060, at *10–15; *Lammert v. Auto-Owners (Mut.) Ins. Co.*, 572 S.W.3d 170, 178–79 (Tenn. 2019). Still others hold that whether the labor component of property value is appropriately depreciated for a given loss a question fact—rendering class treatment inappropriate. *E.g.*, *In re State Farm*, 872 F.3d at 576–77; *Wilcox*, 874 N.W.2d at 785.

Plaintiffs, as Illinois policyholders, will argue that the Illinois Supreme Court resolved this issue in *Sproull*. But it remains an open question in Arizona, Kentucky,[2] Utah, and Wisconsin. And, except for Wisconsin,[3] those states also have not resolved whether the broad evidence rule applies—another threshold issue relevant to an individual policyholder's ACV claim. Thus, even if the Arizona Supreme Court accepts the certified questions in *Walker*, discussed *infra* Section III.D, Plaintiffs' proposed class would need to litigate at least five open questions of state law, and possibly more. Each question would require a separate, state-specific analysis. And none would have any relevance to Plaintiffs' individual claims under Illinois law. More importantly, whether Plaintiffs prevail under Illinois law will have *no impact whatsoever* on the out-of-state claims.

The remaining questions Plaintiffs allege to be "common" also cannot be resolved across all five states in "one stroke." *Dukes*, 564 U.S. at 350. For example, whether Auto-Owners breached its contract with a given Utah policyholder, and whether the policyholder was "damaged"

---

[2] In an unpublished decision, the Sixth Circuit predicted that Kentucky would not permit labor to be depreciated under a policy that does not define ACV. *See Hicks v. State Farm Fire & Cas. Co.*, 751 F. App'x 703, 711 (6th Cir. 2018). The Kentucky Supreme Court has not addressed the issue. As mentioned in footnote 1, above, however, Auto-Owners does not depreciate embedded labor in Kentucky.

[3] The Wisconsin Supreme Court "has consistently followed what has been termed the 'broad evidence rule' giving considerable leeway and latitude to the trier of facts." *Doelger & Kirsten, Inc. v. Nat'l Union Fire Ins. Co.*, 167 N.W.2d 198, 200 (Wis. 1969).

as a result, will turn on whether Auto-Owners paid the policyholder less than she was owed. That question cannot be answered without first resolving open questions of Utah law—questions not presented by Plaintiffs' individual claims. And determining whether Auto-Owners had a "custom or practice" of applying depreciation to the entire value of a loss, including its labor component, is not relevant to, much less "central to the validity of," any individual claim. *Id.* What matters is whether Auto-Owners *in fact* applied depreciation to the total value of a loss when estimating a given policyholder's ACV—a question that requires evidence specific to that individual claim.

Put simply, Plaintiffs have not identified a single issue whose resolution will materially advance the claims of proposed class members in all five states. Plaintiffs thus cannot establish commonality under the standard set forth in *Dukes*. This alone warrants an order striking out-of-state policyholders from Plaintiffs' class definition. *See Wolfkiel*, 303 F.R.D. at 293.

For similar reasons, Plaintiffs also cannot establish typicality or adequacy. Their claims are not "typical" of Arizona, Kentucky, Utah, and Wisconsin class members because "the state law to be applied to Plaintiff's claims differs from the state law to be applied to potential claimants from other states." *Cullen v. Nissan N. Am., Inc.*, 2010 WL 11579748, at *3 (M.D. Tenn. Mar. 26, 2010). And because Arizona, Kentucky, Utah, and Wisconsin law is irrelevant to Plaintiffs' individual claims, Plaintiffs have no stake in how the court resolves the open questions in those states. Because Plaintiffs have *no* incentive to develop new law outside of Illinois, they plainly lack "a sufficient interest in the outcome of the case to insure [sic] vigorous advocacy." *Legg v. PTZ Ins. Agency, Ltd.*, 321 F.R.D. 572, 576 (N.D. Ill. 2017).

Finally, Plaintiffs cannot satisfy the Rule 23(b)(3) requirements of predominance and superiority. The problem with predominance is simple: having failed to identify a common question that satisfies Rule 23(a), it follows that Plaintiffs cannot establish that common questions

predominate over individual questions. As to superiority, Plaintiffs must establish that their proposed multi-state class action "is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). But here, a multi-state class makes no sense. Plaintiffs would have the Court decide multiple open questions of state law, each of which is wholly irrelevant to Plaintiffs' own claims, and to do so in a manner that would preclude Auto-Owners (and its policyholders) from litigating those questions in the relevant jurisdictions. It is far more appropriate to answer these questions in local courts more familiar with their home state's laws. Indeed, that is precisely what happened in *Sproull*, *Lammert*, *Redcorn*, *Accardi*, and *Hicks*, among others. And that is precisely what is happening in *Walker*, where a different plaintiff seeks to represent the same Arizona policyholders that Plaintiffs wish to represent here. A bloated proceeding requiring the Court to predict the laws of multiple other states is not superior to other methods of adjudication.

### C. In the alternative, this Court should stay non-Illinois discovery until it rules on class certification.

Courts have broad discretion to control the scope of discovery before class certification. *E.g.*, *Piekarski v. Amedisys Ill., LLC*, 2013 WL 2357536, at *2 (N.D. Ill. May 28, 2013). If this Court defers consideration of Auto-Owners' motion to dismiss or strike until class certification, for efficiency's sake it should stay non-Illinois discovery pending its certification decision.

Other courts in this District have taken this approach when faced with plaintiffs asserting claims on behalf of class members who reside in other states and whose claims are governed by out-of-state laws. In *Liston v. King.com, Ltd.*, 254 F. Supp. 3d 989 (N.D. Ill. 2017), the court noted "[w]hether one views the question of [plaintiff]'s legal authority to pursue a claim under the law of a state where he did not reside and was not injured as a question of standing, or substantive law, or typicality and adequacy under Rule 23," it would be "inappropriate to engage in wide-ranging

discovery premised on a prospect as to which there is substantial doubt—namely, [plaintiff]'s ability to assert causes of action created by other states for the benefit of other individuals injured in those other states." *Id.* at 1001–02. The court explained it would "stay discovery on such claims until such time as the question of class certification is squarely before" it, or until "additional class representative(s) [entitled] to pursue [the other state] claim(s) ha[ve] been identified." *Id.* at 1002.

Because the only named plaintiffs in this case are Illinois residents who inarguably cannot "assert causes of action created by other states for the benefit of other individuals injured in those other states," *id.* at 1001–02, this Court should stay non-Illinois discovery until it rules on Plaintiffs' anticipated class-certification motion.

> **D.** **At minimum, this Court should stay this action to the extent it asserts class claims under Arizona law because those claims are duplicative of a first-filed class action in Arizona federal court.**

Lastly, and again for efficiency's sake, at the very least this Court should stay Plaintiffs' Arizona claims.

*Walker v. Auto-Owners Ins. Co.*, currently pending before the District of Arizona, raises the same issues as this case on behalf of the same class of Arizona policyholders. *See* Ex. A ¶¶ 15, 37. That class action was filed in October 2020, seven months before this case. In October 2021, the District of Arizona certified two questions to the Supreme Court of Arizona, including: "When a[n] . . . insurance policy does not define the terms [ACV] or 'depreciation,' may an insurer depreciate both the costs of materials and labor in determining the [ACV] of a covered loss?" *See* Ex. B at *1.[4] Thus, in the near future, the Supreme Court of Arizona will likely resolve whether the term "depreciation" is ambiguous and whether labor depreciation is permissible under Arizona

---

[4] The Arizona Supreme Court is still considering whether to accept the certified questions. *See Walker v. Auto-Owners Ins. Co.*, Case No. CV-21-0236-CQ (Ariz. Oct. 4, 2021) (attached as **Exhibit C**).

- 14 -

law. To the extent Plaintiffs here assert claims on behalf of class members under Arizona law, those claims are entirely duplicative of those that will soon be resolved in *Walker*.

Accordingly, this Court should stay this action to the extent it asserts class claims under Arizona law because those claims, involving the same proposed class members, are already pending in a first-filed class action in Arizona federal court. *See Nicholson v. Nationstar Mortg. LLC of Del.*, 2018 WL 3344408, at *6, *10 (N.D. Ill. July 6, 2018) (staying action "pending the outcome of the first-filed action" because "the class definitions . . . demonstrate that at least some of the same individuals would be included in both" cases' classes). At minimum, for the reasons discussed above, *supra* Section III.C, this Court should stay Arizona-related discovery until this Court has decided whether to certify Plaintiffs' proposed class and a decision has issued in *Walker*.

## IV.  CONCLUSION

For all these reasons, Auto-Owners requests respectfully that this Court grant its motion to dismiss Plaintiffs' non-Illinois claims. Alternatively, this Court should strike Plaintiffs' class allegations relating to non-Illinois residents. And at minimum, this Court should stay non-Illinois discovery until ruling on class certification.

Date:  November 12, 2021                    Respectfully submitted,

- 15 -

/s/ Andrew J. Scavotto
Andrew J. Scavotto (IL #6288575)
STINSON LLP
7700 Forsyth Blvd., Suite 100
St. Louis, MO 63105
(314) 719-3048
andrew.scavotto@stinson.com

Todd A. Noteboom* (MN #0240047)
Peter J. Schwingler* (MN #0388909)
William D. Thomson* (MN #0396743)
STINSON LLP
50 South Sixth St., Suite 2600
Minneapolis, MN 55402
(612) 335-1500
todd.noteboom@stinson.com
peter.schwingler@stinson.com
william.thomson@stinson.com

* to be admitted *pro hac vice*

*Attorneys for Defendant Auto-Owners*
*Insurance Company*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on November 12, 2021, the forgoing was filed with
the Clerk of the Court by using the CM/ECF system, which sent notification of such filing to all
counsel of record.

/s/ Andrew J. Scavotto
Andrew J. Scavotto

*Attorney for Defendant Auto-Owners*
*Insurance Company*

- 16 -

## <u>CERTIFICATE OF COMPLIANCE WITH LOCAL RULES 5.2 & 7.1</u>

I hereby certify that this brief complies with: (1) the typeface and formatting requirements of N.D. Ill. L.R. 5.2(e) because it is double-spaced, uses 12-point Times New Roman font in the body of the text, and uses 11-point Times New Roman font in the footnotes; and (2) the page-count limitation of N.D. Ill. L.R. 7.0(d) because it does not exceed 15 pages, excluding the cover page, table of contents, table of authorities, signature block, and certificates.

<u>*/s/ Andrew J. Scavotto*</u>
Andrew J. Scavotto

*Attorney for Defendant Auto-Owners*
*Insurance Company*